## H. P. HANSON, Respondent, v. L. M. SUMMERVILLE, Appellant.

(171 N. W. 608.)

**Contracts, sale of land — services of agent — reasonable value.**

In an action brought for the recovery of the reasonable value of services

rendered in securing renters for lands owned by the defendant, the evidence is examined and *held* to be sufficient to establish such reasonable value.

Opinion filed January 31, 1919.

Appeal from judgment and order of the. District Court of Ward County, *Leighton,* J.

Affirmed.

*Greenleaf, Wooledge, & Lesk,* for appellant.

The purchasers furnished must be ready, willing and able to buy at the price specified. Ball v. Dolan, 101 N. W. 722; Anderson & Jorgenson v. Johnson, 16 N. D. 176; Zeimer v. Antisell (Cal.) 17 Pac. 642.

The purchaser must be produced within the time limited in his contract. Zeimer v. Antisell (Cal.) 17 Pac. 642; Anderson & Jorgenson v. Johnson, 16 N. D. 176.

The broker cannot recover unless he performs his agreement, regardless of how much work and labor he may have performed. Sibbald v. Bethlehem Iron Co. 83 N. Y. 378, 38 Am. Rep. 445; Trickey v. Crowe (Ariz.) 71 Pac. 967; Garcelon v. Tibbetts, 84 Me. 148; Viaux v. Old South Soc. 133 Mass. 110; Loud v. Hall, 106 Mass. 404, 407; Kurtz v. Payne Inv. Co. 135 N. W. 1075.

*Palda & Aaker,* for respondent.

The appellate court will not overrule the verdict of a jury on a question of fact supported by proper evidence. Ward & Murray v. McFuller, 13 N. D. 153; 19 Cyc. 246, 265.

Refusal of the owner to finish the sale upon the terms agreed will not defeat the agent's right to commissions. Ibid.

BIRDZELL, J. This is an appeal from an order entered in the district court of Ward county, denying the defendant's motion for a judgment notwithstanding the verdict, or, in the alternative, for a new trial; and from a judgment in favor of the plaintiff which was rendered upon a verdict of the jury in the sum of $640 and costs.

The action is one for the recovery of the reasonable value of services rendered by the plaintiff to defendant in securing renters for certain lands owned by the defendant. The complaint alleges an ar-

rangement whereby the defendant had employed the plaintiff to procure buyers for his lands at an agreed commission of $4 per acre, if the plaintiff paid his own expenses, or $2 per acre if the plaintiff's expenses were paid by the defendant. It is further alleged that, pursuant to this agreement, the plaintiff procured certain prospective buyers and brought them to the vicinity of Kenmare, where the lands were situated, and that the defendant, instead of completing negotiations for the sale of the lands to the buyers so procured, induced them to rent the lands from him for a period of three years, and that at the time the rental negotiations were pending the defendant assured the plaintiff that he would lose nothing by the change. The defendant alleges that the reasonable value of the services rendered by the plaintiff in obtaining the renters for the defendant was $50, and that this sum had already been paid.

The appellant advances six propositions in support of his contention that the judgment is erroneous. They are: (1) That the only agreement between plaintiff and defendant was that the plaintiff was to procure buyers for defendant's lands. (2) That the testimony of the prospective purchasers shows that they were not ready, willing, and able to buy, and that no sales were consummated. (3) That plaintiff's testimony establishes a failure to procure purchasers. (4) That there is a failure of proof of the allegation that the purchasers furnished were ready, willing, and able to buy according to the list price. (5) That there is no evidence of an agreement between plaintiff and defendant for the payment of compensation in case of failure to procure purchasers. (6) That there is no evidence upon which the jury could find the reasonable value of the plaintiff's services. The first five of these propositions are entirely out of the case, as we view it, for the reason that the action is not predicated upon the performance by the plaintiff of the listing agreement. The listing agreement is only referred to in the complaint by way of inducement to the allegations covering the obligation to pay to the plaintiff the reasonable value of his services in procuring renters. The gravamen of the complaint is for *quantum meruit,* and not for an agreed compensation. The allegations preceding the alleged breach of the agreement to pay a reasonable compensation also bear a direct relation to the reasonable value, in that it is alleged that the defendant agreed that the

plaintiff would lose nothing by the change in the negotiations from a sale to a rental proposition.

This brings us to the sixth contention, which is that there is no evidence to prove the reasonable value of the services. There is evidence that the defendant told the plaintiff to keep his hands off, and that the defendant would make his own deal with the prospective purchasers. There is also testimony by one of the prospective purchasers to the effect that when the rental proposition was under consideration he asked the defendant, "What will Hanson [the plaintiff] get out of this deal?" and the defendant replied, "I will see that Hanson does not lose anything." This testimony is corroborated by the plaintiff. In our opinion, this evidence, when considered in the light of the express contract, governing the amount of commissions in case of sale, affords sufficient basis for the verdict. Evidence going to show the value which the defendant himself placed upon the services rendered at his request constitutes an admission by him and is of an unusually satisfactory character in an action based upon *quantum meruit.*

For the foregoing reasons, the order and judgment appealed from are affirmed.